## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  8:03CR152 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| | ) | |
| TRACY VAUGHN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the following motions filed by the Defendant,

Tracy Vaughn: the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct

Sentence (Filing No. 151), supported by a brief (Filing No. 152); and a Motion to Proceed

in Forma Pauperis (Filing No. 153).  Rule 4(b) of the *Rules Governing Section 2255*

*Proceedings for the United States District Courts* requires initial review of a § 2255 motion,

and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly
> appears from the motion, any attached exhibits, and the record of prior
> proceedings that the moving party is not entitled to relief, the judge must
> dismiss the motion and direct the clerk to notify the moving party. If the
> motion is not dismissed, the judge must order the United States attorney to
> file an answer, motion, or other response within a fixed time, or to take other
> action the judge may order.

Vaughn was found guilty after a bench trial of conspiracy to possess and possess

with intent to distribute cocaine base.  Vaughn's conviction and sentence were affirmed on

direct appeal, and his petition for certiorari was denied.  The Eighth Circuit concluded: the

evidence was sufficient to support Vaughn's conviction; Vaughn failed to show that his

sentence might have been different under an advisory guideline scheme, and therefore

remand was not proper pursuant to *Blakely v. Washington,* 543 U.S. 220 (2005); and

Vaughn's argument that drug amounts testified to by Melvin Chinn were meritless since even absent those amounts Vaughn's base offense level would be level 38.

In his § 2255 motion, Vaughn argues: the career offender guideline is unconstitutional under *Booker*; the Eighth Circuit should not use the harmless or plain error standards of review; the district court did not adequately consider the sentencing factors set out in 18 U.S.C. § 3553(a); the crack versus powder cocaine ratio resulted in an unfair sentence; and defense counsel was ineffective for failing to object to some of Vaughn's criminal history points.

### *Career Offender Guideline;* Booker

Vaughn argues that his status as a career offender should have been submitted to a jury for a decision under the reasonable doubt standard.  Apart from the fact that Vaughn waived his right to a jury trial, the Court notes that the Eighth Circuit has repeatedly held that *Booker* does not apply to the decision as to whether an offense is a crime of violence and therefore qualifies as a predicate offense under U.S.S.G. § 4B1.2, the career offender guideline.  *United States v. Smith,* 422 F.3d 715, 723 (8th Cir. 2005).  The claim is denied.

### *Standards of Review*

The harmless and plain error standards of review continue to be consistently used in this Circuit.  *United States v. Levine,* 2007 WL 517724, at *2 (8th Cir. Feb. 21, 2007) (applying harmless error); *United States v. Mooney,* 425 F.3d 1093, 1103 (2005) (citing *United States v. Olano,* 507 U.S. 725 (1993)) (applying plain error), *cert. denied,* 126 S. Ct. 2889 (2006).  The claim is denied.

### 18 U.S.C. § 3553(a)

At sentencing, the Court stated listed the factors set out in 18 U.S.C. § 3553(a) that were considered before sentencing Vaughn. (Filing No. 129, at 335-36.) The claim is denied.

### Crack/Power Cocaine Ratio

Neither *Booker* nor 18 U.S.C. § 3553(a) allow a district court to reject the crack/powder cocaine disparity "mandated by Congress and reflected" in the sentencing guidelines. *United States v. Johnson,* 474 F.3d 515, 522 (8th Cir. 2007). The claim is denied.

### Ineffective Assistance of Counsel

In order to establish ineffective assistance of counsel, Vaughn must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687.

Vaughn argues that defense counsel failed to object to unspecified criminal history points. Contrary to Vaughn's assertion, defense counsel objected to the application of the sentencing guidelines, particularly Vaughn's criminal history points, throughout the sentencing process culminating with the evidentiary hearing held at the time of sentencing.

(Filing Nos. 104, 106, 129.)   Therefore, Vaughn cannot satisfy either prong of the *Strickland* test.  The claim is denied.

## CONCLUSION

For the reasons discussed, the Court concludes that under Rule 4(b) the Defendant's § 2255 motion must be summarily denied.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Filing No. 151);

2. Upon initial review, the Court summarily denies the Defendant's claims raised in the § 2255 motion, and the motion (Filing No. 151) is summarily denied;

3. The Defendant's motion for leave to proceed in forma pauperis (Filing No. 153) is denied;

4. A separate Judgment will be issued denying the § 2255 motion; and

5. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 2nd day of March, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

4