IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:03CR152 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| TRACY VAUGHN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's motions to reduce his sentence as a result of the recent amendments to the crack cocaine sentencing guidelines (Filing Nos. 175 (pro se), 181 (through counsel)). Counsel also filed supporting briefs. (Filing Nos. 182, 186.) A hearing was scheduled; however, the hearing was cancelled when the Defendant withdrew his request for an evidentiary hearing. (Filing No. 184.) The probation office completed a worksheet that has not yet been filed.

Vaughn's total offense level was 38, and he was placed in Criminal History Category VI. (Filing No. 119 ("PSR").) His guideline range was 360 months to life imprisonment. (PSR, ¶ 109.) The PSR noted that, although Vaughn met the criteria of a career offender under U.S.S.G. § 4B1.1, "the Chapter 4 enhancement will not be applied since the defendant's offense level is higher than the enhancement." (PSR, ¶ 50.) Vaughn objected to several prior convictions. (Filing Nos. 104, 105.) Some objections were resolved in the Tentative Findings (Filing No. 106), and a hearing was held with respect to the remaining objections. (Filing No. 129 (Sentencing Tr.").) The result was that Vaughn remained a career offender under the definition set out in § 4B1.1(a), and under § 4B1.1(b) the total offense level of 37 would have applied had Vaughn's offense level of 38 not already exceeded level 37. (Sentencing Tr., at 331:16-332:7.) Vaughn remained in a guideline range of 360 months to life imprisonment based on a total offense level of 38 and

placement in Criminal History Category VI. (Sentencing Tr., at 331:16-332:7.) Vaughn was sentenced to 360 months imprisonment and 5 years supervised release. (Filing No. 114.) The Eighth Circuit Court of appeals affirmed his conviction and sentence. (Filing No. 142.) Vaughn's petition for a rehearing en banc and petition for rehearing were denied. (Filing No. 144.) The United States Supreme Court denied Vaughn's petition for a writ of certiorari. (Filing No. 149.) This Court summarily denied Vaughn's motion brought under 28 U.S.C. § 2255. (Filing Nos. 156, 157.) This Court denied Vaughn's motion for a certificate of appealability. (Filing No. 161.) The Eighth Circuit also denied Vaughn's application for a certificate of appealability. (Filing No. 170.) Vaughn's motions for a reduction in his sentence due to the recent amendments to the crack cocaine sentencing guidelines followed. (Filing Nos. 175, 181.)

Vaughn seeks a downward adjustment of two levels under the new crack cocaine guidelines, arguing that he was not sentenced as a career offender but rather as a potential career offender.

The career offender guideline defines a career offender as follows:

> if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

Because Vaughn met the definition of a career offender, he is a career offender. Vaughn's interpretation of the PSR and the sentencing proceeding that he was not sentenced as a career offender is misplaced. He was sentenced as a career offender; however, the career offender enhancement was not applied in accordance with the career

offender guideline, which provides: "if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply." U.S.S.G. § 4B1.1(b).  Therefore, because Vaughn's offense level of 38 exceeded the offense level of 37 that would have otherwise applied under § 4B1.1(b)(A), he is not stripped of his career offender classification.  Rather, as the PSR states, the Chapter Four enhancement was not applied in accordance with the career offender guideline, § 4B1.1(b).

Moreover, even if Vaughn received the requested relief of a 2-level downward adjustment pursuant to the new amendments to the crack cocaine guidelines, his adjusted offense level would be 36.  Section 4B1.1(b)(A) of the career offender guideline would then be applied since Vaughn meets the definition of a career offender in § 4B1.1(a).  His offense level would be raised to level 37.  Together with placement in Criminal History Category VI, he would still be in a guideline range of 360 months to life imprisonment.

The Eighth Circuit has stated that a career offender's base offense level is determined under U.S.S.G. § 4B1.1 and not U.S.S.G. § 2D1.1.  The sentencing commission lowered the levels under § 2D1.1(c) and did not amend § 4B1.1.  *United States v. Tingle,* 524 F.3d 839, 840 (8th Cir.), *cert. denied,* 129 S. Ct. 473 (2008).

IT IS ORDERED that the Defendant's motions to reduce his sentence as a result of the recent amendments to the crack cocaine sentencing guidelines (Filing Nos. 175, 181) are denied.

DATED this 1st day of April, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge