# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   vs.<br><br>TRACY VAUGHN,<br><br>               Defendant. | 8:03CR152<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Defendant's Motion to Reduce Sentence Under Section 404 of the First Step Act, ECF No. 260. The Probation Office submitted a Third Revised 2019 First Step Act Retroactive Sentencing Worksheet, ECF No. 271, in which that Office concluded that the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), caused the Defendant's range of imprisonment under the U.S. Sentencing Guidelines to be reduced from 360 months-life to 262-327 months. The Government acknowledges the Defendant is eligible for a reduction of sentence under the First Step Act but urges the Court not to exercise its discretion to reduce the Defendant's sentence.

## PROCEDURAL HISTORY

The Government's Brief in Opposition to Request for Sentence Reduction Pursuant to the First Step Act, ECF No. 269, contains a detailed procedural history, which is not in dispute. In summary, the Defendant pled not guilty to the charge of conspiracy to distribute or possess with intent to distribute fifty grams or more of cocaine base, *i.e.*, crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and § 846. Before trial, the Government filed an Information of Prior Convictions pursuant to 21 U.S.C. § 851, notifying the Defendant that he was subject to increased punishment as provided by law

as a result of his prior conviction in 1991 for possession with intent to distribute cocaine. The parties stipulated to a bench trial, and the Defendant was found guilty.

The Presentence Investigation Report (PSR), ECF 119, listed the Defendant's criminal history, resulting in Criminal History Category VI. The predicate offense related to the § 851 notice was listed in paragraph 75 of the PSR, noting an arrest date of October 4, 1990, and sentencing date of July 19, 1991. At paragraph 76 of the PSR, it was noted that the Defendant had a conviction for first degree assault and use of a weapon during a felony, for which he was also sentenced on July 19, 1991, although his arrest date for that offense was January 29, 1991. The Defendant's base offense level was 38, pursuant to U.S.S.G. § 2D1.1(a)(3)(c)(1), because he was held responsible for 1.5 kilograms or more of crack cocaine. (At sentencing, the Court specifically found him responsible for 2.17 kilograms of crack cocaine.) Although the Defendant was found to be a career offender based on his convictions as reflected in paragraphs 75 and 76 of the PSR, the Chapter Four enhancement was not applied because his base offense level exceeded that which would have resulted from the application of the Chapter Four enhancement. PSR, ECF No. 119, Page ID 263.

In the Defendant's Objections to Presentence Investigation Report, ECF No. 104, the Defendant affirmed the convictions set out in paragraphs 75 and 76 but argued that the offenses were related and should result in only three criminal history points instead of six. *Id.* at Page ID 223. See also Defendant's *pro se* filing, ECF No. 105.[1] Again, at

---

[1] In the Defendant's Brief in Support of Motion to Reduce Sentence Under the First Step Act, ECF No. 261, the Defendant cites ECF Nos. 104 and 105 for the proposition that "Vaughn objected to . . . the government's proof on the § 851 Information." *Id.* at Page ID 982. The Court finds no such objection in

sentencing, defense counsel affirmed the convictions set out in paragraphs 75 and 76 of the PSR but argued that the Defendant should receive only three criminal history points for the two offenses, because he was sentenced for both on the same day. Sentencing Transcript, ECF No. 129 at 330:11-17. The Government introduced evidence of the convictions, which the Court accepted. *Id.* at 325:6 to 326:1. The Court acknowledged that the sentencings for the two convictions reflected in paragraphs 75 and 76 occurred on the same day but overruled the Defendant's objection as to the assessment of criminal history points. *Id.* at 331:9-15.

Through inadvertence, or because the § 851 enhancement had no impact on the Defendant's range of imprisonment under the Guidelines, there was no reference to the § 851 enhancement in the PSR and no further discussion of it at the time of sentencing. The PSR described the Defendant's statutory sentencing range as ten years to life, and the Court accepted and repeated that statutory minimum range at the time of sentencing. See PSR, ECF No. 119 at Page ID 255; Sentencing Transcript, ECF No. 129 at 332:8. Accordingly, it is apparent that although the Defendant affirmed his predicate conviction, the § 851 enhancement (which would have resulted in a statutory minimum term of 20 years) was not imposed by the Court. On April 12, 2004, the Defendant was sentenced to a term of 360 months incarceration, to be followed by five years of supervised release. His conviction and sentence were affirmed on appeal. *United States v. Vaughn*, 410 F.3d 1002 (8th Cir. 2005).

## FIRST STEP ACT

---

those filings, but instead the Defendant's acknowledgment of the conviction and sentence corresponding with paragraph 75 of the PSR.

The Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), effective August 3, 2010, reduced the penalties for certain crack cocaine offenses. The First Step Act, at § 404, permits but does not require sentencing judges to apply the Fair Sentencing Act to sentences imposed prior to August 3, 2010. In *United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019), the Court of Appeals noted that a court considering a motion for a reduced sentence under § 404 of the First Step Act first must decide whether the defendant is eligible for relief, and then must decide, in its discretion, whether to grant a reduction.

The parties acknowledge that the Defendant is eligible for a reduced sentence under the First Step Act, and the Court so finds. Accordingly, the Court must determine whether it should exercise discretion to reduce the Defendant's sentence.

## DISCUSSION

The Court acknowledges the congressional intent underlying the Fair Sentencing Act and § 404 of the First Step Act, including the reduction in sentencing disparities for crack and powder cocaine offenses.

The Court recognizes the substantial quantity of drugs found attributable to the Defendant at sentencing, *i.e.*, 2.17 kilograms of crack cocaine. The Fair Sentencing Act amended § 841(b)(1)(A) to allow a defendant who is found responsible for at least 280 grams of crack cocaine to be subject to a mandatory minimum sentence of ten years and a maximum term of life. With a § 851 enhancement, such a defendant would be subject to a twenty-year statutory minimum term.

The Court takes into consideration the protection of the public, and cannot ignore the Defendant's criminal history, which is extensive and violent. See PSR, ECF No. 119, at Page ID 263-269.

With regard to the § 851 enhancement, the Government argues that any failure of the Court to make inquiry of the Defendant under § 851(b) as to whether he affirmed or denied his predicate conviction was harmless error, because the predicate conviction was more than five years old and the Defendant was barred from challenging its validity. See 21 U.S.C. § 851(e). The Government cites to cases where appellate courts have found a district court's failure to conduct an inquiry under § 851(b) to be harmless error when the predicate conviction occurred more than five years before the date of the § 851 notice. While informative, those cases involved situations where a district court *applied* a § 851 enhancement. Here, because the Court accepted the PSR (which made no reference to the § 851 enhancement and set the statutory minimum term at ten years) and the Court declared the statutory sentencing range to be ten years to life, it must be concluded that the § 851 enhancement simply was not applied. Had the § 851 enhancement been applied, the Defendant's statutory range of imprisonment under 21 U.S.C. § 841(b)(1)(B) would currently be ten years to life, resulting in a base offense level of 37 under § 4B1.1(b) of the Guidelines, and a sentencing range of 360 months to life—the same range under which he was originally sentenced. As the Probation Office noted in its Worksheet, ECF No. 271 at Page ID 1024, whether the Defendant was subject to the enhanced penalties under § 851, he is eligible to a sentence reduction under the First Step Act, § 404. In other words, even with the same sentencing range of 360 months to life, this Court could exercise its discretion to impose a below-Guideline sentence, as authorized by *United*

5

*States v. Booker*, 543 U.S. 220 (2005). Whether the Court should exercise such discretion is another matter.

As in Chief Judge John Gerrard's well-reasoned decision in *United States v. Moore*, 412 F.Supp.3d 1111 (D. Neb. 2019), this Court concludes that a discretionary reduction in the Defendant's sentence under the First Step Act is not warranted.

IT IS ORDERED:

1. The Defendant's Motion to Reduce Sentence Under section 404 of the First Step Act, ECF No. 260, is denied; and
2. A separate Judgment will be entered.

Dated this 4th day of March 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge